UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>V.<br><br>DAIRION E. MORGAN,<br>　　Defendant. | CRIMINAL ACTION 5:17-16-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

Defendant Dairion E. Morgan has filed a motion for compassionate release (DE 90) pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States having responded (DE 92), and the Court having not received a reply from Defendant Morgan, the matter is now ripe for the Court's review. For the following reasons, the Court must deny the motion.

In 2017, Morgan pled guilty (DE 50) to one count of possession with intent to distribute a mixture of heroin, cocaine, and fentanyl in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He also entered a conditional guilty plea (DE 50) as to one count of possession with intent to distribute 40 grams or more of a mixture of fentanyl and one count of possession with intent to distribute cocaine and methamphetamine, both in violation of 21 U.S.C. § 841(a)(1).  By judgment dated October 16, 2018, this Court sentenced Morgan to a term of imprisonment of one-hundred-eight (108) months followed by eight (8) years of supervised release.  (DE 82.)  He is currently 29 years old and incarcerated at FCI Beckley.

Morgan moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and

2

compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his motion, Morgan cites the risks of COVID-19 and his medical condition as reasons why he should be granted compassionate release. (DE 90 at 2–4.) According to his medical records, Morgan received one dose of the COVID-19 vaccine on February 2, 2022 and declined the second dose on March 1, 2022. (DE 94-1.) The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Further, "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds the COVID-19 constitutes an extraordinary and compelling justification." *Id.* Morgan also cites his paraplegia and the resulting complications as medical conditions that constitute extraordinary and compelling circumstances. A review of Morgan's medical records indicate that Morgan receives regular medical care for any complications that arise related to his paraplegia. (DE 94.) The records do not indicate any conditions that would constitute the kind of extraordinary and compelling circumstances that warrant a sentence reduction pursuant to §3582(c)(1)(A).

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    the need for the sentence imposed--

3

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Morgan's original sentencing hearing (DE 80), and the Court has reconsidered them for this motion. Morgan pled guilty to several serious offenses for which he was sentenced to one-hundred-eight (108) months of imprisonment. While the Court acknowledges that Morgan has served over 55% of his imposed sentence, the Court must consider all of the § 3553(a) factors in making its determination. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Morgan's sentencing, it is not appropriate to order his release at this time.

For all these reasons, the Court HEREBY ORDERS that Defendant Dairion E. Morgan's motion for compassionate release (DE 90) is DENIED.

This 10th day of May, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY