UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> V. <br><br> DAIRION E. MORGAN, <br>     Defendant. | CRIMINAL NO. 5:17-16-KKC-1 <br><br> **OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Dairion Morgan's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 97). For the following reasons, the Court will DENY the motion.

In 2017, Morgan pled guilty (DE 50) to one count of possession with intent to distribute a mixture of heroin, cocaine, and fentanyl in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He also entered a conditional guilty plea (DE 50) as to one count of possession with intent to distribute 40 grams or more of a mixture of fentanyl and one count of possession with intent to distribute cocaine and methamphetamine, both in violation of 21 U.S.C. § 841(a)(1). On October 16, 2018, this Court sentenced Morgan to 108 months imprisonment followed by eight years of supervised release. (DE 82.) He is currently 29 years old and incarcerated at FCI Beckley.

On April 1, 2022, Morgan filed his first motion for compassionate release. In that motion, Morgan cited the COVID-19 pandemic and his treatment for complications arising from his

paraplegia as support for compassionate release. The Court reviewed Morgan's medical records and found that Morgan received regular medical care for complications arising out of his paraplegia. Further, the records did not indicate any conditions that would constitute the kind of extraordinary and compelling circumstances required for a sentence reduction. (DE 96 at 3). Further, the Court found that the 18 U.SC. § 3553(a) factors counseled against a sentence reduction. The Court considered the factors extensively at Morgan's original sentencing (DE 80) and reconsidered them at the time of his motion. (*Id.* at 3-4).

Morgan now moves for compassionate release for the second time. An inmate can file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). As was the case with Morgan's first motion for compassionate release, the government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define "extraordinary and compelling." District courts have "full discretion . . . to determine whether an 'extraordinary and 3 compelling' reason

justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).

The Court will deny Morgan's motion for the reasons previously stated. (*See* DE 96). Morgan now raises many of the same arguments he previously raised in his first motion for compassionate release, and they still do not rise to the level of "extraordinary and compelling" reasons for a sentence reduction. Morgan states that new facts have emerged regarding an accident that occurred during a medical trip outside of FCI Beckley, but provides no records or evidence that alter the Court's original analysis. Morgan provides some medical records and evidence of his various complaints made to authorities at FCI Beckley, but none of these provide any extraordinary reasons for a sentence reduction. To the contrary, the records provided indicate that Morgan has been seen by healthcare professionals and many of his complaints regarding medical supplies have been addressed (*See* DE 102-1 at 15, 22-24).

Further, even if Morgan could state extraordinary and compelling reasons for a sentence reduction, the 18 U.SC. § 3553(a) factors still counsel against it. Morgan pled guilty to numerous serious offenses. The Court considered the factors extensively at his sentencing, again upon his first motion, and now again upon his second motion. A sentence reduction is not in line with the relevant policy guidelines.

Accordingly, the Court hereby ORDERS as follows:

1.) Morgan's second motion for compassionate release (DE 97) is DENIED;

2.) Morgan's motion for leave to supplement his second compassionate release motion (DE 108) is also DENIED.

This 8th day of May, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY